IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON

OHIO VALLEY ENVIRONMENTAL
COALITION, et al,

      Plaintiffs,

v.                                            Civil Action No. 3:09-1167
                                                Hon. Robert C. Chambers, Jr.

HOBET MINING, LLC,

      Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO RECONSIDER AND VACATE ORDER**

Defendant, Hobet Mining, LLC, moves the court pursuant to FRCP 54(b) to set aside the Memorandum Order and Opinion of June 14, 2010 (Doc. 43). The order is interlocutory as it grants partial summary judgment to Plaintiffs on the issue of liability, but "adjudicates fewer than all the claims or the rights and liabilities" of the parties. FRCP 54(b). Hobet seeks this relief based upon an error by the Court in considering the evidence it relied upon to conclude that the case is not moot.

**Statement of Facts**

In denying Hobet's motion to dismiss for lack of subject matter jurisdiction, the Court found that the modification through the addition of NPDES Permit WV1022911 to the Settlement and Consent Order in the Circuit Court of Boone County, West Virginia did not have the legal effect of mooting the case at bar (". . . the terms of the modified consent order do not support a finding of mootness" Opinion at 32). In support of this conclusion, the Court determined that the circuit court modification of the settlement limited, "the penalty Hobet could incur for any violations of WV/NPDES Permit 1022911 to $65,000 over the lifetime of the

interim limits, *without subjecting Hobet to any penalty for past* violations." (Opinion at 32).  The Court's conclusion is demonstrably false.

Hobet filed two submissions to the Court that supplemented the record and expressly stated what civil penalties were paid pursuant to the modified consent order when WV10122911 was added under the circuit court's December 2009 order.  The first (Doc. 35), a motion submitted on March 19, 2010, stated "DEP has assessed all exceedences of the effluent standards established by NPDES permit WV1022911 . . . for *all* parameters of those permits, and not just selenium. DEP's civil penalty assessment includes the period from *the time those permits were issued* through the end of the fourth calendar quarter of 2009." (Motion at 1). The motion also verified that payment of the civil penalties had been made.  Two attachments to the motion, Attachments 4 and 5, included letters from the West Virginia DEP that verified the calculation of the civil penalties as well as the time in which the exceedences of each water quality parameter occurred.

The second submission (Doc. 38) was made at the invitation of the Court at the conclusion of the oral argument on March 31, 2010.  As documented by Attachment 1 to the submission, Hobet paid civil penalties for "all exceedences of the water quality parameters as measured by the Consent Order since the outlets were constructed and reporting began in 2008, not merely those that might have occurred in the second and third calendar quarters of 2009." Therefore, contrary to the Court's conclusion that Hobet paid no penalties for past violations, the record is clear that it did.

**Legal Argument**

The Court's order of June 14 is interlocutory as it found liability only ("the scope and terms of the injunctive relief will not be determined until after the August 2010 trial. . . .")

(Opinion at 54).  An order of partial summary judgment is interlocutory in nature.  11 Moore's Federal Practice § 56.40[3].  FRCP 54(b) provides that orders that resolve fewer than all claims are "subject to revision at any time before the entry of [final] judgment" "A district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted." *American Canoe Association v. Murphy Farms*, 326 F.3d 505, 514-515 (4th Cir. 2003). "An interlocutory order is subject to reconsideration at any time prior to the entry of a final judgment." *Fayetteville Investors v. Commercial Builders, Inc.,* 936 F.2d 1462, 1469 (4th Cir.1991).  Moreover, "motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment. 12 Moore's Federal Practice § 60.23 ("Rule 60(b) does not govern relief from interlocutory orders. . . ."). *American Canoe Association,* 326 F.3d at 515.  This power is committed to the discretion of the district court, *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 12, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) (noting that "every order short of a final decree is subject to reopening at the discretion of the district judge"). *Ramonas v. West Virginia University Hospitals-East*, 2009 WL 3295024, (N.D.W.Va. Oct 13, 2009)

The Court's analysis of the facts that informs the issue of mootness is incorrect.  It concludes that the DEP "received little in exchange" for adding WV1022911 to the circuit court settlement.  It disregards that the funds previously committed to undertake the Supplemental Environmental Projects (SEPs) remained in effect, and that additional SEPs were required to be undertaken.  The Court found that "no new penalties" were imposed without considering that DEP undertook to collect payment of civil penalties to the DEP that the Plaintiffs had already

3

foregone because of their settlement in *Ohio Valley Environmental Coalition v. U.S. Army Corps of Engineers*, 3:08-cv-0979.

Most serious, however, was the erroneous conclusion that Hobet was not subject *to any penalty for past* violations." (Opinion at 32). Hobet attempted to explain tot the Court in its submissions of March 19 and April 2 precisely what civil penalties were paid for the exceedences that occurred for each of the two permits added the circuit court settlement in December 2009, what effluent limits were violated for each permit, and the time period over which those violations occurred. The Court's conclusion found in its Footnote 11, therefore is inexplicable ("the WVDEP is not required to acquiesce to such waiver [under the settlement in3:08-cv-0979]. Therefore, the WVDEP could have demanded civil penalties for past violations in the modified consent decree. In this Court's opinion, the agency's failure to do so reflects poorly on the agency and is indicative of a lack of motivation to design a remedy reasonably calculated to eliminate non-compliance.") No correct understanding of the civil penalties that DEP sought, and that Hobet paid, under the terms of the modified settlement could lead to any conclusion except that *all* past violations were penalized consistent with the terms of the settlement that the Court found legally sufficient in December 2008.

Elsewhere in the opinion, the Court acknowledges that "discovering what treatment technologies do *not* work and eliminating those options, is a necessary component of the process for developing effective treatment systems." (Opinion at 31, footnote 10). As the Court has observed, the remaining relief that it will enter following the hearing scheduled for August 9, 2010 in exclusively injunctive. Because the court's incorrect understanding regarding the civil penalties that Hobet in fact has paid is central to its analysis of mootness, and its

4

conclusion as to its subject matter jurisdiction, this portion of its Memorandum Opinion and Order should be reconsidered.

## Conclusion

In concluding that Hobet paid no civil penalties for the past violations that arose under NPDES Permit WV10122911, the Court has expressed a reason that supports its legal conclusion for its subject matter jurisdiction of the case. Nevertheless, documents provided by Hobet—twice—informed the Court of a fact contrary to that relied upon by the Court to reach its decision. In light of this clear error, Hobet requests the Court to reconsider and vacate its order and opinion. With a correct view of the mistaken facts, the opinion and order should be vacated and the case dismissed.

Respectfully submitted,

HOBET MINING, LLC
By Counsel


/s/*Blair M. Gardner*
BLAIR M. GARDNER, WVBN 8807
THOMAS J. HURNEY, JR., WVBN 1833
CHRISTOPHER M. HUNTER, WVBN 9768
JACKSON KELLY, PLLC
1600 Laidley Tower
Post Office Box 553
Charleston, West Virginia 25322
*Counsel for Hobet Mining, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON

**OHIO VALLEY ENVIRONMENTAL**
**COALITION, et al,**

    **Plaintiffs,**

**v.**                                          Civil Action No. 3:09-1167
                                             Hon. Robert C. Chambers, Jr.

**HOBET MINING, LLC,**

    **Defendant.**

### CERTIFICATE OF SERVICE

    I, Blair M. Gardner, do hereby certify that on June 21, 2010, I electronically filed the foregoing MEMORANDUM OF LAW IN SUPPORT OF MOTION TO RECONSIDER AND VACATE ORDER with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

                Joseph M. Lovett
                Derek O. Teaney
                Appalachian Center for the Economy
                    and the Environment
                P.O. Box 507
                Lewisburg, WV  24901

                                                           /s/ *Blair M. Gardner*