**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON**

**OHIO VALLEY ENVIRONMENTAL
COALITION, INC., WEST VIRGINIA
HIGHLANDS CONSERVANCY, INC.,
and SIERRA CLUB,**

                 **Plaintiffs,**

        **v.**                                **CIVIL ACTION NO. 3:09-cv-1167**

**HOBET MINING, LLC,**

                 **Defendant.**

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO
RECONSIDER AND VACATE ORDER**

Defendant's Motion to Reconsider and Vacate Order (Doc. # 44) is frivolous at best.  In support of its motion Defendant asserts that the Court made an "inexplicable" and "[m]ost serious" error in concluding that the West Virginia Department of Environmental Protection ("WVDEP") did not assess civil penalties for Defendant's past violations of the selenium effluent limitations in WV/NPDES Permit WV1022911.  Doc. # 45 at 4.  Although Defendant's motion lacks a coherent explanation for how that asserted error undermines the Court's legal conclusions, Plaintiffs understand Defendant to be arguing that, because they paid some penalty related to a selenium discharge at its Surface Mine No. 22, the Court should have concluded that this case is moot.

Defendant's motion should be denied for at least two reasons.  First, the "erroneous conclusion" cited by Defendant is not erroneous.  That is, the Court correctly concluded that the Modified Settlement and Consent Order did not assess civil penalties for violations of WV/NPDES Permit WV1022911.  Second, even if Defendant were correct in assigning error to

1

the Court, that error would be harmless because it would not undermine the Court's ultimate legal conclusion.

**I.    Defendant Has Never Paid Civil Penalties For Its Violations of the Selenium Effluent Limitations in WV/NPDES Permit WV1022911**

Defendant's motion asserts that the Court's conclusion that Defendant has never paid any civil penalties for violation of the selenium effluent limits in WV/NPDES Permit WV1022911 is wrong.  Unlike the Court's Order, Defendant's argument wrongly conflates a single <u>stipulated</u> penalty of $1,000 that it paid for its violation of the <u>interim</u> limits prescribed by the Modified Settlement and Consent Order with <u>civil</u> penalties that it should have been assessed for the hundreds of days of violations of the <u>selenium effluent limitations in WV/NPDES Permit WV1022911</u> that predated the Modified Settlement and Consent Order.

Defendant ineffectively cites several documents in the record to support its baseless assertion.  First, although Document Number 35-4 itemizes several violations of limits in WV/NPDES Permit WV1022911 for which Defendant paid a penalty, none of those violations is related to selenium.  Second, Document Number 35-5 itemizes only one stipulated penalty paid by Defendant related to WV/NPDES Permit WV1022911.  That penalty was not, however, paid for a violation of the selenium effluent limits in WV/NPDES Permit WV1022911.  Rather, Defendant paid $1,000 for a single violation of the <u>interim</u> daily maximum limit for selenium imposed by the Modified Settlement and Consent Decree.  Doc. # 35-5 at 3.  That violation occurred in October 2009, and the document reflects that the "limit" for which the penalty was assessed was the interim selenium daily maximum limit of 20 µg/l.  <u>Id.</u>  As a result, Defendant paid $1,000 to the WVDEP.  <u>Id.</u>  The interim limits were, of course, much more lenient than the actual permit limits.  Accordingly, Defendant was not penalized for excursions of its permit limits if they were below the lenient stipulated limit of 20 ug/l.  In contrast, because the daily

maximum selenium effluent limitation in WV/NPDES Permit WV1022911 is 8.2 µg/l,

Defendant would have been liable for a civil penalty under the Clean Water Act.

The third document cited by Defendant lends it no aid either.  Document 38-1 consists of

two pages, each of them headed "Stipulated Penalties."  That document confirms that Defendant

paid only $1,000 in stipulated penalties for a single exceedance of the interim limits on selenium

imposed by the Modified Settlement and Consent Order.

Defendant's argument rips the Court's statements from their context.  Defendant contends

that the Court erroneously concluded that Defendant was not subject to any "to any penalty for

past violation," citing only the final, dependent clause of a sentence on page 32 of the June 14,

2010 Order.  The full sentence provides that

> It [the Modified Settlement and Consent Decree] merely extends the 2008
> decree's stipulated penalty provision to July 1, 2012; thus limiting the penalty
> Hobet could incur for any violations of WV/NPDES Permit 1022911 to $65,000
> over the lifetime of the interim limits, without subjecting Hobet to any penalty for
> past violations.

Doc. # 43 at 32.  Necessarily implicit in the Court's statement that Defendant's liability is limited

to $65,000 for violations of interim limits is a recognition of Defendant's payment of $1,000 for

a violation of the interim limits in October 2009.  In other words, the Court was aware of the

payment of a stipulated penalty for the October 2009 violation of the interim limits.

On page 26 of its Order, the Court recognized that the Modified Settlement and Consent

Order limited Defendant's exposure to penalties to $2,000 per month.  Doc. # 26.  Sixty-five

thousand dollars divided by $2,000 results in a time period of 32.5 months.  Thirty-two months is

precisely the time period between November 1, 2009, and June 30, 2012—the expiration of the

Modified Settlement and Consent Decree.  The remaining 0.5 months (or $1,000) must

necessarily be attributed to the October 2009 single excursion of the interim limits set by the Modified Settlement and Consent Decree.  See also Doc. # 27 at 3-4 n. 2.

Defendant confuses the distinction between civil penalties for violations of the permit limits in WV/NPDES Permit WV1022911 and the stipulated penalties for violation of the lenient interim limits imposed in the Modified Settlement and Consent Decree.  The following table, based on Defendant's discharge monitoring reports (Doc. # 8-5 at 16-22 and Doc. # 32), identifies Defendant's violations of the selenium limits in WV/NPDES Permit WV1022911 that occurred between December 1, 2008 and December 31, 2009:

| MONTH | LIMIT TYPE | UNITS | LIMITS | MEASURED VALUE | DAYS OF VIOLATION |
|-------|-----------|-------|--------|----------------|-------------------|
| December 2008 | Monthly Average | μg/l | 4.7 | 5.47 | 31 |
| January 2009 | Monthly Average | μg/l | 4.7 | 8.1 | 31 |
| January 2009 | Daily Maximum | μg/l | 8.2 | 12.1 | 1 |
| February 2009 | Monthly Average | μg/l | 4.7 | 7.05 | 28 |
| May 2009 | Monthly Average | μg/l | 4.7 | 8.6 | 31 |
| May 2009 | Daily Maximum | μg/l | 8.2 | 15.8 | 1 |
| June 2009 | Monthly Average | μg/l | 4.7 | 11.65 | 30 |
| June 2009 | Daily Maximum | μg/l | 8.2 | 14.3 | 1 |
| June 2009 | Daily Maximum | μg/l | 8.2 | 9 | 1 |
| July 2009 | Monthly Average | μg/l | 4.7 | 8.15 | 31 |
| July 2009 | Daily Maximum | μg/l | 8.2 | 9 | 1 |
| August 2009 | Monthly Average | μg/l | 4.7 | 11.1 | 31 |
| August 2009 | Daily Maximum | μg/l | 8.2 | 11 | 1 |
| August 2009 | Daily Maximum | μg/l | 8.2 | 11.2 | 1 |
| September 2009 | Monthly Average | μg/l | 4.7 | 6 | 31 |
| October 2009 | Monthly Average | μg/l | 4.7 | 13.11 | 31 |
| October 2009 | Daily Maximum | μg/l | 8.2 | 20.1 | 1 |
| October 2009 | Daily Maximum | μg/l | 8.2 | 8.5 | 1 |
| November 2009 | Monthly Average | μg/l | 4.7 | 7.44 | 30 |
| November 2009 | Daily Maximum | μg/l | 8.2 | 11.3 | 1 |
| December 2009 | Monthly Average | μg/l | 4.7 | 6.3 | 31 |
| December 2009 | Daily Maximum | μg/l | 8.2 | 11.9 | 1 |

Defendant accrued 347 days of violation of the selenium limits imposed by WV/NPDES Permit

WV1022911 through 22 instances of discharging selenium in excess of the limits in WV/NPDES Permit WV1022911.  Under Section 309(d) of the Act, Defendant had a potential exposure of more than $12,000,000 in civil penalties.  Defendant paid nothing in civil penalties, however, for those violations, despite its unsupported assertion that "[n]o correct understanding of the civil penalties that DEP sought, and that Hobet paid, under the terms of the modified settlement could lead to any conclusion except that all past violations were penalized consistent with the terms of the settlement that the Court found legally sufficient in December 2008."  Doc. # 45 at 4. Defendant relies entirely on its payment of $1,000 in stipulated penalties for its discharge of effluent with a selenium concentration of 20.10 µg/l in October 2009.  But, as noted above, that penalty was not paid for a violation of the permit limits—it was for an exceedance of the lenient interim limits set out in the Modified Settlement and Consent Order.

In contrast to Defendant, the Court's June 14, 2010 Order correctly recognized the important distinction between civil penalties for violations of the selenium limits imposed by WV/NPDES Permit WV1022911 and stipulated penalties for violations of the lenient interim limits in the Modified Settlement and Consent Decree.  The Court expressly stated its disapproval of the stipulated penalty provision in the Modified Settlement and Consent Decree. Doc. # 43 at 25, 26, and 32.  In the much-discussed footnote 11 in the June 14, 2010 Order, the Court was concerned with <u>civil</u> penalties, and, hence, the conclusion in footnote 11 that WVDEP did not demand <u>civil</u> penalties for past violations of the permit limits is entirely accurate.

Indeed, Defendant conceded in its reply brief in support of its motion to dismiss that "<u>the state Consent Order does not assess additional civil penalties</u>" for violations of the selenium limits in WV/NPDES Permit WV1022911.  For Defendant to argue otherwise now is astounding.

In short, there is no "erroneous conclusion" in the Court's June 14, 2010 Order.  As the

Court correctly observed, Defendant's total exposure under the Modified Settlement and Consent

Decree is $65,000 for violations of the lenient <u>interim</u> limits.  Doc. # 43 at 32.  Consequently, the

Court should deny Defendant's motion for reconsideration.

    **II.**    **Even if Defendant's $1,000 Stipulated Penalty Were a Penalty Paid for a Past Violation of the Selenium Limits in WV/NPDES Permit WV1022911, That Would Not Undermine the Court's Legal Conclusion in its June 14, 2010 Order**

Defendant's reply brief in support of its motion to dismiss demonstrates a second reason

why its pending motion is baseless:

> The fact that the state Consent Order does not assess additional civil penalties has absolutely no bearing on the viability of Plaintiffs' claims for injunctive relief, which is an inquiry entirely separate from the mootness of a citizen suit seeking civil penalties. Case 3:08-cv-00088, Doc 46, p. 13 ("[w]hen considering whether a citizen suit has been mooted by government action, a court should consider injunctive relief separate from civil penalties").

Doc. # 28 at 6.

With regard to diligent prosecution, Defendant makes no argument in its motion for

reconsideration that the Court's conclusion was erroneous.  It was not.  As the Court correctly

observed, even assuming that Defendant ended up paying the full $65,000 in stipulated penalties

to which it was exposed by the Modified Settlement and Consent Decree,"such penalties appear

inadequate to remove the economic benefit of non-compliance."  Doc. # 43 at 26.  A civil penalty

that does not recoup the economic benefit of non-compliance is "strong evidence" that a state

prosecution was not diligent.  <u>Friends of the Earth, Inc. v. Laidlaw Environmental Services</u>

<u>(TOC), Inc.</u>, 890 F. Supp. 470, 497 (D.S.C. 1995).  If a $65,000 stipulated penalty is insufficient

to remove the economic benefit of noncompliance, then $1,000 is even less sufficient.

Moreover, when a consent decree fails to require compliance with the final effluent

limitations in an NPDES permit, and instead substitutes interim limits for a prolonged period of

time, that decree does not qualify as a governmental "action in a court . . . to require compliance"

under Section 505(b)(1)(B) of the Clean Water Act and, therefore, does not preclude a citizen

suit. Cf. Frilling v. Village of Anna, 924 F. Supp. 821, 837 (S.D. Ohio 1996).  Consequently,

whether the penalty is "civil" or "stipulated" is irrelevant to the Court's diligent prosecution

analysis because of the penalty's failure to come close to the economic benefit to Defendant.

With regard to mootness, as Defendant admitted in its reply brief in support of its motion

to dismiss, "[t]he fact that the state Consent Order does not assess additional civil penalties has

absolutely no bearing on the viability of Plaintiffs' claims for injunctive relief, which is an

inquiry entirely separate from the mootness of a citizen suit seeking civil penalties."  Doc. # 28-

6.  Indeed, the Court expressly recognized that distinction in its June 14, 2010 Order, holding that

> When considering whether a citizen suit has been mooted by government action, a
> court should consider injunctive relief separate from civil penalties. *See Hobet I,*
> 2008 WL 5377799, at *7; *City of Dallas,* 529 F.3d at 531; *Comfort Lake,* 138
> F.3d at 356-57. In settling *Ohio Valley Environmental Coalition v. U.S. Army
> Corps of Engineers* (3:08-cv-0979), Plaintiffs waived civil penalties for violations
> of the selenium limits imposed in WV/NPDES Permit 1022911 for one year from
> the effective date (October 28, 2008). Accordingly, the October 23, 2009
> complaint does not include a claim for civil penalties. The mootness question
> raised is therefore limited to Plaintiffs' claim for declaratory and injunctive relief.

Doc. # 43 at 28 n. 9.  Consequently, the question before the Court is whether the Modified

Settlement and Consent Order moots Plaintiffs' claim for declaratory and injunctive relief.  As a

result, Defendant's purported "erroneous conclusion" is wholly irrelevant to the mootness

question before the Court.

Even if it were relevant, it would not alter the analysis.  As the Court correctly concluded,

there remains a realistic prospect of continued selenium violations notwithstanding the Modified

Settlement and Consent Order because (1) the Modified Settlement and Consent Order "lacks a

clear remedial plan," (2) its timetable is "unreasonable," and (3) "Hobet's likelihood of ignoring

court-ordered decrees."  Doc. # 43 at 31-34.  As the Court noted, there is no "financial incentive

for compliance," and that is true whether Defendant pays no civil penalties, $1,000 in stipulated penalties, or $65,000 in stipulated penalties.  Defendant will treat the stipulated penalties as the cost of doing business, thereby leaving a realistic probability of continuing violation notwithstanding the Modified Settlement and Consent Order.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendant's Motion for Reconsideration and to Vacate Order.

Respectfully submitted,

**/s/ DEREK O. TEANEY**_____
DEREK O. TEANEY (W.Va. Bar No. 10223)
JOSEPH M. LOVETT (W.Va. Bar No. 6926)
Appalachian Center for the Economy and the
        Environment
P.O. Box 507
Lewisburg, WV 24901
(304) 645-9006

Counsel for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT HUNTINGTON**

OHIO VALLEY ENVIRONMENTAL
COALITION, INC. et. al.,

   **Plaintiffs,**

  **v.**         **CIVIL ACTION NO. 3:09-cv-1167**

HOBET MINING, LLC,

   **Defendant.**

**CERTIFICATE OF SERVICE**

  I, Derek O. Teaney, do hereby certify that, on June 24, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Blair M. Gardner
Christopher Hunter
Tom Hurney, Jr.
Jackson Kelly PLLC
500 Lee Street East
Suite 1600
PO Box 553
Charleston, WV 25322
*Counsel for Defendant*

         **/s/ Derek O. Teaney**    
         DEREK O. TEANEY (WVSB # 10223)
         Appalachian Ctr. for the Econ. & the Envt.
         P.O. Box 507
         Lewisburg, WV 24901
         Telephone: (304) 793-9007
         Fax: (304) 645-9008
         E-mail: dteaney@appalachian-center.org

         *Counsel for Plaintiffs*