## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

OHIO VALLEY ENVIRONMENTAL
COALITION, INC., WEST VIRGINIA
HIGHLANDS CONSERVANCY, INC.,
and SIERRA CLUB,

        Plaintiffs,

v.                                      CIVIL  ACTION  NO.  3:09-1167

HOBET MINING, LLC,

        Defendant.

### ORDER SPECIFYING RELIEF

On September 1, 2010, the Court entered an Order following closing arguments on the scope and terms of injunctive relief for this matter.  That Order addressed part of the relief granted but reserved the balance of any relief pending further consideration by the Court.  Since then, the parties have submitted proposals and other information in response to the Order.  The Court grants additional relief to supplement the relief granted in its September 1, 2010 Order, the provisions of which are incorporated herein.  Therefore, the Court **DIRECTS** the Clerk of Court to enter the Irrevocable Standby Letter of Credit (Doc. 240, 3:07-cv-00413) in this civil action, and **ORDERS** as follows:

1.  Defendant shall conduct the Hobet 22 Treatment Plan recommended by CH2M Hill to achieve compliance with the selenium effluent limitations for Hobet outfall 001 on NPDES permit WV1022911 by May 1, 2013.  (Doc. 73-1).

2.  The Court hereby **ADOPTS** the Hobet 22 Treatment Plan and Gantt chart schedule (Doc. 73-1) as the preliminary schedule for the Hobet site evaluation and Treatment System design process, provided Plaintiffs have no objection to, or proposal to modify, the proposed preliminary schedule.  Any such objection must be filed within seven days of this Order.

3.  Defendant shall submit to the Court, the Special Master, and Plaintiffs an additional proposed preliminary schedule and narrative explanation once a treatment technology is selected, describing the time period and actions needed to design, construct, equip, install and operate the Treatment System for the Hobet 22 outfall 001.  This schedule must identify the proposed design flow capacity of the Treatment System, the measures to be undertaken to establish any equalization and diversion, the timing for capital expenditures which may be appropriate for setting interim milestones, and any other information deemed necessary by the Special Master.

4.  The Court **DIRECTS** the Clerk of Court to enter the Irrevocable Standby Letter of Credit (Doc. 240, 3:07-cv-00413) in this civil action.  Defendant shall maintain, along with Defendant Apogee in 3:07-cv-00413, the $45 million Irrevocable Standby Letter of Credit filed with the Clerk of Court on September 22, 2010.  Upon order of the Court the amount of the letter of credit may be increased or decreased, after notice and an opportunity to be heard is afforded the parties.  Further, all or any part of the funds available through the letter of credit may be drawn upon, in a manner consistent with its terms, upon a finding by the Court, after notice and an opportunity to be heard, that an expenditure from the letter of credit is reasonably necessary to meet or complete the schedule.

5.  The Court appoints James H. Kyles, O'Brien & Gere, as Special Master.  The Special Master is authorized to monitor, supervise, and direct Defendant's compliance with the Orders of

the Court.  Defendant shall pay reasonable compensation and the costs of the Special Master. All disputes that arise between the parties and any problem encountered by Defendant in complying with the schedule approved by the Court shall be first submitted to the Special Master.  After consulting with the parties, the Special Master may resolve the dispute or problem, subject to review by the Court if either party objects to the resolution determined by the Special Master.

The Court may further define the authority of the Special Master, and any procedures for prompt resolution of any dispute or problem.  After notice to the parties, the Special Master may request that the Court alter, modify, or suspend the schedule or other measures required by this Court's Orders when good cause is shown. The Special Master shall have right of entry upon the mine sites, on reasonable notice to Defendant, to observe Defendant's performance of its duties under the orders of this Court.  Upon approval by the Special Master, after reasonable notice to Defendant, Plaintiffs and their consultants and attorneys may also enter Defendant's premises to observe Defendant's performance.

6.  The Special Master shall propose, after consultation with the parties, a set of interim milestones to measure Defendant's compliance with the schedule and other measures required by this Court's Orders and a system of purgeable fines to enforce compliance.

7.  Defendant shall provide to the Court, the Special Master, and Plaintiffs a status report on its progress in conducting a site evaluation, selecting the proper treatment technology for the site, and designing and constructing the Treatment System.  The report shall include the following: (1) status of the work on the site and progress to date, including the percentage of funds committed and expended to date, and the completion or non-completion of the interim

milestone actions as described in the schedule; (2) difficulties or problems encountered during the reporting period; (3) actions taken or to be taken to rectify difficulties or problems; (4) activities planned for the next reporting period; (5) required and actual completion dates for each item required by the schedule; (6) an explanation of any non-compliance with the approved work plan or schedule; (7) all flow monitoring information; and (8) all draft and final reports regarding stormwater evaluation, flow monitoring, or other studies pertinent to the design, construction, or operation of the Treatment System.

The first report shall be provided within 30 days of this Order and every 30 days thereafter until further Order of the Court.

8. The Court schedules a conference with the Special Master and the parties for **October 26, 2010,** at **11:30 a.m.** At this conference the Court will consider approval of a proposed schedule, a time line for adopting interim milestones and purgeable fines, and arrangements necessary to employ the Special Master and facilitate his services. The parties may submit in letter form at least five days in advance additional subjects to be discussed.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: October 8, 2010

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE