```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                           AT HUNTINGTON
```

OHIO VALLEY ENVIRONMENTAL
COALITION, INC., and WEST
VIRGINIA HIGHLANDS
CONSERVANCY, INC.,

      Plaintiffs,

v.                             CIVIL ACTION NOS. 3:07-00413,
                                                3:08-00088,
APOGEE COAL COMPANY, LLC, and            3:09-01167
HOBET MINING, LLC,
                                       Huntington, West Virginia
           Defendants.                August 12, 2010

```
             TRANSCRIPT OF BENCH TRIAL - DAY 4
           BEFORE THE HONORABLE ROBERT C. CHAMBERS
                 UNITED STATES DISTRICT JUDGE
```

APPEARANCES:

For the Plaintiffs:        JOSEPH MARK LOVETT, ESQ.
                             DEREK O. TEANEY, ESQ.
                             APPALACHIAN CENTER FOR THE
                             ECONOMY AND THE ENVIRONMENT
                             P. O. Box 507
                             Lewisburg, WV  24901

                             JAMES M. HECKER, ESQ.
                             TRIAL LAWYERS FOR PUBLIC JUSTICE
                             Suite 200
                             1825 K Street, NW
                             Washington, DC  20006-1202

```
For the Defendants:        THOMAS J. HURNEY, ESQ.
                           BLAIR M. GARDNER, ESQ.
                           ROBERT G. MCLUSKY, ESQ.
                           JACKSON KELLY
                           P. O. Box 553
                           Charleston, WV  25322-0553

Also Present for Patriot:  RICHARD VERHEIJ, ESQ.

Court Reporter:            TERESA M. RUFFNER, RPR
                           P. O. Box 1570
                           Huntington, WV  25716
                           (304) 528-7583
```

Proceedings recorded by mechanical stenography; transcript produced by computer-aided transcription.

```
 1   Thursday, August 12, 2010, at 12:58 p.m. in open court
 2              THE COURT:  All right.  Are we ready to proceed?
 3              MR. LOVETT:  We are, Your Honor.
 4              THE COURT:  All right.  Do you want to explain where
 5   the parties are at this point?
 6              MR. LOVETT:  Well, I'll give it a go and see.  We
 7   met this morning, most of the morning.  I think we have some
 8   ideas that we share in common, but we did not resolve our
 9   differences.  I think that if the Court gave us a couple of
10   more days, we may be able to do that.
11       We would like -- I know the Court is busy next week, or
12   at least that was the plan a couple of weeks ago, but we
13   would, I think, like to come back and reschedule closing
14   arguments for sometime next week, early next week, if you have
15   an hour.  If we aren't able to resolve it, we can come back
16   and tell the Court.  The parties would like to do that on
17   Tuesday afternoon, understanding that the Court's schedule may
18   not allow that.
19              THE COURT:  Well, we're in luck because the case
20   that I had set for trial next week, which was obviously not
21   going to settle, is being continued because it was a Fourth
22   Amendment case and was a qualified immunity question that I
23   resolved, and the defendants filed a notice of appeal
24   yesterday or the day before.  So it's going to go up on an
25   interlocutory appeal.  As a result, it's having to be
```

```
 1   postponed.
 2          So I could do this next Tuesday afternoon.
 3              MR. LOVETT:  Thank you.
 4              THE COURT:  So, first, does the defense intend to
 5   offer any further evidence?
 6              MR. HURNEY:  No, Your Honor.
 7              THE COURT:  All right.
 8              MR. HURNEY:  We would rest at this point.
 9              THE COURT:  All right.  So the parties then, I
10   guess, would like the Court to schedule a proceeding Tuesday
11   afternoon to either entertain a settlement or, if no
12   settlement is reached, closing arguments and submission of the
13   case for decision.
14              MR. LOVETT:  Yes, Your Honor.  And we don't think --
15   I mean I know the Court probably doesn't want long closing
16   arguments, so I would think an hour for a hearing would be
17   sufficient.
18              THE COURT:  Well, that will be fine.  That's what
19   we'll do.
20         Have you reached agreement on anything, or is
21   everything -- I mean I realize in cases like this, unless
22   everything is agreed, maybe nothing is, but --
23              MR. LOVETT:  I think that we've reached an agreement
24   on nearly every issue.  I think there's one outstanding issue,
25   and I'm sure the Court, you know, understands that it's a flow
```

1  issue and the cost of treating that flow.  And I think it's
2  fair to say that's what we're talking about.
3              THE COURT:  Well, just so I'm clear, so you think at
4  this point the biggest issue separating the parties is
5  determining the amount of flow that should be designed into
6  this treatment system?
7              MR. LOVETT:  Yes, and the amount of the letter of
8  credit that would be submitted to guarantee that construction
9  of a plant to treat that flow.  I think everything else is --
10             MR. HURNEY:  Yeah, I think that's fair.  There's
11 other things that surround that that I think if we can get
12 resolution of that, the others are little differences, but I
13 think Mr. Lovett is accurate.
14     We just -- you know, Your Honor, this is a publicly
15 traded company, and part of our obligation is getting all the
16 information back so we can get something approved.  And so
17 that's where, you know, from a timing standpoint, that's
18 really part of the issue.  So I'm sure the Court understands.
19             THE COURT:  All right.  Well, that's acceptable to
20 the Court, then.
21             MR. LOVETT:  Your Honor, one bit of housekeeping.  I
22 think the Court admitted all the joint exhibits at once; is
23 that right?
24             THE COURT:  I think specifically I've admitted all
25 of the joint exhibits that were used in questioning any

1   witnesses.  I've still got a box of joint exhibits here that
2   no one addressed.
3              MR. LOVETT:  Well, all the ones that were used
4   for -- that any witness used have been admitted.
5              THE COURT:  And I think that's true whether it was a
6   defendant's exhibit, a plaintiff's exhibit, or a joint
7   exhibit.
8              MR. LOVETT:  I don't think you moved the admission
9   of one exhibit for last Wednesday.  That is a joint exhibit.
10  So it's my understanding that has been admitted.
11             THE COURT:  Mine, too.
12             MR. HURNEY:  I'm thinking, Judge, about whether
13  there were three -- and I'm sorry, I don't have the numbers
14  here, but three exhibits related to the VSEP project that I
15  used during the testimony of the witnesses.
16             THE COURT:  Was that the CH2M Hill comments and
17  report back --
18             MR. HURNEY:  Yes.
19             THE COURT:  Those were identified and used, and I
20  consider those to be part of the exhibits admitted.
21             MR. HURNEY:  Thank you, Your Honor.
22             CLERK JUSTICE:  The last witness's CV I don't think
23  was moved.
24             THE COURT:  And apparently there was no formal
25  motion on the CV for the last witness, but it's admitted as

1  well.  So, again, I'm going to treat everything that was used
2  to question the witness as admitted.
3       All right.  Well, is there anything else we need to do,
4  then, at this point?
5            MR. HURNEY:  No, Your Honor.
6            MR. LOVETT:  No.
7            THE COURT:  If not, we'll stand adjourned until 1:30
8  next Tuesday.
9            MR. TEANEY:  Thank you, Your Honor.
10           THE COURT:  Good luck.
11       (Proceedings adjourned at 1:04 p.m.)
12
13
14
15
16
17
18
19
20
21     I, Teresa M. Ruffner, certify that the foregoing is a
22  correct transcript from the record of proceedings in the
23  above-entitled matter.
24       s/Teresa M. Ruffner                November 29, 2010
25  _____    _____