IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

OHIO VALLEY ENVIRONMENTAL
COALITION, INC., WEST VIRGINIA
HIGHLANDS CONSERVANCY, INC.,
and SIERRA CLUB,

               Plaintiffs,

v.                                      CIVIL  ACTION  NO.  3:09-1167

HOBET MINING, LLC,

               Defendant.

MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant Hobet's Motion to File Document Under Seal (ECF 121) and Motion for Protective Order (ECF 124).  As the time period for the submission of responses in opposition by Plaintiffs has expired, these motions are ripe for adjudication. For the following reasons, both motions are **GRANTED**.

I.       **Defendant Has Satisfied the Requirements for a Motion to Seal**

Defendant requests that portions of its preliminary engineering report docketed pursuant to its obligations under the Order Specifying Relief and Order Confirming Special Master in this case be filed under seal.  Defendant asserts that this is necessary to protect the competitive advantage of Patriot Coal, Defendant's parent company, and CH2M Hill with regard to the development of a selenium treatment process disclosed in the preliminary engineering report.  They are currently seeking to patent this process, and public disclosure would harm this effort.

"[B]efore a district court may seal any court documents, [the Fourth Circuit] held that it must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (citing *In re Knight Publ'g Co.*, 743 F.2d 231, 235–36 (4th Cir. 1984)). In ascertaining whether a motion to seal should be granted, a court must determine what the source is of the public's right to access—common law or the First Amendment—as each source has different levels of protection. *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir. 1988). Here, however, the document at issue is submitted pursuant to an order entered post-trial; accordingly, the applicable source for the right of access is the common law standard. *See, e.g.*, *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252–53 (4th Cir. 1988) (finding that the First Amendment standard applies to plea and sentencing hearings in criminal cases, to documents filed with a summary judgment motion, to criminal and civil trials, and, in general, to motions seeking action by a court). Under this standard, a district court may, in its discretion, grant a motion to seal "if the public's right of access is outweighed by competing interests[;] [however] the 'presumption' in such cases favors public access." *Ashcraft*, 218 F.3d at 302 (quoting *Knight*, 743 F.2d at 235). "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986).

First, the Court finds Defendant has fulfilled the first procedural requirement by docketing its motion to seal, thereby providing notice and opportunity to parties wishing to oppose the motion. Second, the Court cannot identify a less drastic alternative than sealing portions of the report. As

Defendant amply states, any public disclosure of the developed treatment process will destroy the competitive advantage Defendant and its consultant are attempting to maintain by patenting the process. Further, Defendant is merely seeking to seal the portions of the report that contain information applicable to treatment process. Already, Defendant has minimized the affect of its motion to seal by restricting its applicability only to the relevant pages of the report; the rest remains available for public viewing. Until the patents are obtained, the Court sees no less drastic alternative than granting the motion to seal.

In addition to the facts and reasoning already provided, the Court also finds relevant to its decision the fact that once Defendant and its consultant obtain patents for the selenium treatment process, the information may at that time be made publicly available. The granting of a motion to seal at this stage does not permanently prohibit public review of these portions of the preliminary engineering report. Further, Defendant argues that the public interest in this action is Defendant's compliance with the Orders in this action. Sealing portions of the preliminary engineering report will not harm the public interest, as the Court will still be able to monitor Defendant's progress under the Court's Orders. The Court finds this reasoning persuasive. Defendant submitted the treatment process to this Court as part of its efforts to comply with the Court's Orders, which establish a structure to aid Defendant in achieving compliance with the selenium effluent limitations. The public interest is in reaching that goal, and not in gaining access to confidential trade information. Because of the nature of the information and because the treatment technology will ultimately be subject to this Court's scrutiny and, subsequent to obtaining patents for the treatment process, open to public review, at this time the interest in maintaining confidentiality outweighs the public's right to access. For the foregoing reasons, the Court **GRANTS** Defendant's motion to seal.

## II.        Defendant Has Provided Adequate Grounds for the Issuance of a Protective Order

Under *Fed. R. Civ. P.* 26(c)(1), a party may move for a protective order.  Under this Rule, a "court may, for good cause, issue an order to protect a party . . . from . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed . . . ." *Fed. R. Civ. P.* 26(c)(1)(G).  This Court has recognized the novelty of the issue companies such as the defendant are facing in attempting to comply with the selenium effluent limitations.  *See, e.g.*, *Oct. 8, 2010 Mem. Op. & Order* 4, ECF 74.  The main difficulty in achieving compliance is identifying and implementing methods to address selenium treatment.  Defendant in its motion for a protective order states that its parent company and its consultant, CH2M Hill, plan to patent several of the processes developed as a result of Defendant's obligations under the Order in this case.  Similar to the reasoning above regarding the motion to seal, not protecting the commercial information developed as a result of Defendant's efforts to comply with this Court's Order could harm the Defendant's and its consultant's competitive advantage.  Further, the proposed protective order provides Plaintiffs with the opportunity to challenge the marking of any document as confidential.  *Proposed Order* ¶ 3, ECF 124-1.  The granting of a protective order will not preclude the ability of Plaintiffs or this Court to verify whether a document should be marked as confidential or not.  Accordingly, the Court **FINDS** Defendant has shown good cause for the issuance of a protective order, and Defendant's motion is **GRANTED**.  The protective order is issued concurrently with this Opinion, and will be in effect until further order of the Court.

## III.        Conclusion

For the foregoing reasons, Defendant's motion to seal is **GRANTED**, and the confidentiality of Volumes 3 and 4 shall be maintained. The contents of each shall not be disseminated to anyone

except upon motion and decision of the Court.  It is hereby **ORDERED** that Defendant's Exhibits

to Defendant's Motion to File Document Under Seal shall be **SEALED**.  In addition, Defendant's

motion for a protective order is **GRANTED**, and a protective order will be entered concurrently

with this Opinion.  The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order

to counsel of record and any unrepresented parties.


ENTER:        July 6, 2011

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE