IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

OHIO VALLEY ENVIRONMENTAL
COALITION, INC., WEST VIRGINIA
HIGHLANDS CONSERVANCY, INC.,
and SIERRA CLUB,

      Plaintiffs,

v.             CIVIL ACTION NO. 3:09-1167

HOBET MINING, LLC, and
ERP ENVIRONMENTAL FUND, INC.,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending is the plaintiffs' Motion to Join Additional Defendant, Order Status Report, Declare Liability for Stipulated Payments, and Permit Limited Discovery. ECF No. 279. For the reasons below, the Court **GRANTS IN PART** the Motion as to the plaintiffs' request to join the additional defendant but **HOLDS IN ABEYANCE** the plaintiffs' other requests for relief.

**I. BACKGROUND**

The plaintiffs brought this civil action under the citizen suit provisions of the Clean Water Act and the Surface Mining Control and Reclamation Act. ECF No. 4 ¶ 1. The Court ultimately entered an Amended Order in October 2016 in conjunction with a Second Modified Consent Decree in the companion case *Ohio Valley Environmental Coalition, Inc. et al. v. ERP Environmental Fund, Inc.*, Civil No. 3:11-0115. ECF No. 262. The plaintiffs claim that defendant ERP Environmental Fund, Inc. ("ERP") has since violated its environmental and reporting

1

obligations under the Amended Order and Second Modified Consent Decree. ECF No. 279-1, at 1–4. In March 2020, the West Virginia Department of Environmental Protection ("DEP") sued ERP in state court to enjoin ERP to comply with environmental laws after it allegedly exhausted its funds and liquid assets, laid off its employees, and ceased operation. ECF No. 282-2 ¶¶ 1, 5. The DEP also moved for the appointment of a special receiver to take control of ERP's assets and operations to ensure compliance with environmental laws and ERP's other legal obligations. ECF No. 282-1. Judge Joanna Tabit of the Circuit Court of Kanawha County granted the DEP's motion and created a temporary Receivership Estate managed by Doss Special Receiver, LLC ("Doss"). ECF No. 279-1, at 155–171. The Receivership Estate is now "under the sole and exclusive control, supervision, and management" of Doss. *Id.* at 159.

The plaintiffs now request four types of relief to help enforce the Amended Order and Second Modified Consent Decree in light of the Receivership Estate's creation. ECF No. 279. First, the plaintiffs move to join the Receivership Estate as a defendant and declare that the Receivership Estate is subject to the Amended Order and Second Modified Consent Decree. *Id.* at 2. Second, the plaintiffs ask the Court to order the Receivership Estate to submit a status report within fourteen days detailing its compliance efforts. *Id*. Third, the plaintiffs request a $1,263,000 judgment against ERP for penalties stipulated in the Second Modified Consent Decree. *Id.* at 3. Lastly, the plaintiffs request limited discovery to assess ERP's and the Receivership Estate's noncompliance and likelihood of future compliance. *Id*.

## II. DISCUSSION

**A. The Court joins the Receivership Estate as a defendant and finds the Receivership Estate is subject to the Amended Order and Second Modified Consent Decree.**

Federal Rule of Civil Procedure 25(c) provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Joinder under Rule 25(c) after judgment is appropriate when necessary to enforce the court's orders. *Greater Potater Harborplace, Inc. v. Jenkins*, No. 90-1462, 1991 WL 89830, at *4 (4th Cir. May 31, 1991) ("[I]t is well established that under Rule 25(c) a court can substitute parties, even after judgment, where substitution of a party is necessary for enforcement of the judgment."); *Rodriguez-Miranda v. Benin*, 829 F.3d 29, 41 (1st Cir. 2016) ("Rule 25(c) applies to actions that are 'pending,' but this does not preclude substitution during subsequent proceedings brought to enforce a judgment.") (citations omitted). When deciding whether to join an additional party under Rule 25(c), courts should consider "how the conduct of the lawsuit will be most facilitated." *Fed. Deposit Ins. Corp. v. Tisch*, 89 F.R.D. 446, 448 (E.D.N.Y. 1981) (citing *Television Reception Corp. v. Dunbar*, 426 F.2d 174 (6th Cir. 1970)); *see also Tesseron, Ltd. v. Oce N.V.*, 110 F. Supp. 3d 1255, 1258 (M.D. Fla. 2015) ("Joinder under Rule 25 is discretionary and should accommodate efficiency and economy in case management.").

Here, Judge Tabit's Receivership Order transferred all of ERP's assets and operations to the Receivership Estate, including the permits that form the basis for this suit. *See* ECF No. 279-1, at 159 ¶¶ 14, 15. The Receivership Order instructs that "[a]ll existing claims, liens, and encumbrances against [ERP] or its properties or assets shall be deemed to constitute claims, liens, or encumbrances against [ERP]'s receivership estate." *Id.* at 160 ¶ 19. The Receivership Order

appoints Doss to "(a) assume full operation, management, and control of [ERP]'s assets and operations, (b) oversee, manage, and direct the acts, conduct, operations, assets, liabilities, and financial conditions of [ERP], and (c) in consultation with the applicable environmental regulatory agencies, develop a plan and schedule for compliance with [ERP]'s permits . . . ." *Id.* at 156 ¶ 6; *see also id.* at 162–66 ¶ 26 (detailing the special receiver's powers). And, the Order provides that Doss may "defend against any lawsuit, action, claim, petition, filing, litigation, or proceeding brought against him in its capacity as a Special Receiver or against or pertaining to [ERP]." *Id.* at 165–66 ¶ 28. However, the Order explains that Doss does not expose itself to liability under environmental laws based solely on the performance of its enumerated duties as a special receiver. *Id.* at 158 ¶ 10. Nor is Doss liable for the payment or discharge of any claims, liens, or encumbrances against ERP's Receivership Estate. *Id.* at 160–61 ¶ 20.

Because ERP no longer controls its assets and operations, joinder of the Receivership Estate is appropriate to "accommodate efficiency and economy" in bringing these assets and operations into compliance with the Court's orders. *See Tesseron Ltd.*, 110 F. Supp. 3d at 1258. Doss does not dispute that the Receivership Estate is bound by the Amended Order and Second Modified Consent Decree. Indeed, the decree anticipates this type of successorship by providing that its provisions "apply to and are binding upon . . . [ERP] and any of its respective successors and/or assigns; and upon other persons or entities otherwise bound by the law." Civil No. 3:11-0115, ECF No. 105; *see also id.* ¶ 25 ("[A]ll transferees, subsequent owners, and operators shall be bound by the terms of this Second Modified Consent Decree, consistent with applicable law."). Doss's sole argument against joining the Receivership Estate as a party is not based in law but in prudence. It argues the estate is temporary and the Court should only join it if and when it becomes "more permanent." ECF No. 282, at 10–11. However, the estate is better characterized as indefinite

than temporary, and the Court sees no practical reason to wait for further action from the state court before joining the estate to better facilitate compliance with this Court's orders.

The Court therefore **ORDERS** the Receivership Estate of ERP Environmental Fund, Inc. be added as an additional defendant to this suit. Because the future of the receivership is uncertain at this point, the Court will continue to maintain ERP as a defendant. To be clear, the obligations of the Receivership Estate as a defendant in this case do not extend beyond the role defined in Judge Tabit's Receivership Order. *See* ECF No. 279-1, at 155–171. This Order in no way expands the liability of the Receivership Estate beyond what the Receivership Order defines. *See id.* at 158, 160–61 ¶¶ 10, 20.

**B. The Court holds in abeyance the plaintiffs' other requests for relief.**

Upon consideration of the parties' briefing, the Court finds a hearing is necessary to determine what money judgment the plaintiffs may be entitled to, what additional reporting from Doss is appropriate, and whether the Court should permit discovery as to Doss. The Court therefore **HOLDS IN ABEYANCE** these requests for relief and **ORDERS** the parties to meet and confer regarding these subjects within twenty-one days. After meeting, the parties must file a joint report or separate reports with the Court explaining any outstanding disputes. The Court will then schedule further proceedings.

### III. CONCLUSION

Under the foregoing conditions, the Court **GRANTS IN PART** the plaintiffs' Motion, ECF No. 279, as to plaintiffs' request to join the Receivership Estate and **HOLDS IN ABEYANCE** the plaintiffs' other requests for relief. The Court **DIRECTS** the Clerk to add the Receivership Estate of ERP Environmental Fund, Inc. as a defendant in this suit and to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER:     June 25, 2020

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE